UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| MARK McENDREE, Individually and as Administrator of the Estate of Joshua McEndree, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3: 10-30-DCR |
| V. ) ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) | **MEMORANDUM OPINION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action arises out of a claim for accidental death and dismemberment (AD&D) benefits under an employee welfare benefit plan (the Plan) sponsored by Great Lakes Cheese Co. and insured by Defendant Metropolitan Life Insurance Company (MetLife). Martha Dawn McCartney was a participant in the Plan. She designated her son, Joshua McEndree, as the beneficiary of any AD&D benefits. Following McCartney's death in November 2008, Joshua submitted a claim for benefits. Soon thereafter, he also died. Plaintiff Mark McEndree pursued the claim as administrator of Joshua's estate.

MetLife denied McEndree's claim initially and on appeal. McEndree then filed the present action in Anderson Circuit Court, alleging that the denial was improper. Because McEndree's action to recover AD&D benefits is governed exclusively by the Employee Retirement Income Security Act of 1974 (ERISA), MetLife removed the action to this Court.

The parties have submitted opposing memoranda regarding the standard of review applicable to this matter. McEndree argues that the Court should review his claim for benefits de novo. MetLife, however, contends that its decision to deny the claim should be reversed only if it was arbitrary and capricious. The Court agrees that the latter standard is appropriate.

A denial of ERISA benefits is subject to de novo review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996). The grant of discretion must be express. *Yeager*, 88 F.3d at 380. However, "discretionary authority does not hinge on incantation of the word 'discretion' or any other 'magic word.'" *Admin. Comm. of the Sea Ray Employees' Stock Ownership & Profit Sharing Plan v. Robinson*, 164 F.3d 981, 986 (6th Cir. 1999) (internal quotation marks omitted).

In this case, Great Lakes Cheese Co., not MetLife, is the Plan administrator. [Record No. 14-3, p. 19 (Bates No. ML0279)] Thus, the first question is whether MetLife is a fiduciary. ERISA defines that term as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). An insurance company that "administers claims for an employee welfare benefit plan and has authority to grant or deny the claims . . . is an ERISA 'fiduciary'

under 29 U.S.C. § 1002(21)(A)(iii)." *Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio*, 982 F.2d 1031, 1035 (6th Cir. 1993).

MetLife clearly has such authority. The Certificate of Insurance provides that proof of accidental injury and resulting loss are to be sent to MetLife, which will review the claim and decide whether to approve it. [Record No. 14-3, p. 9 (ML0269); *see also* Record No. 14-2, p. 7 (ML0240) (defining terms)] An "ERISA Information" document attached to the Certificate elaborates on the claim-submission process:

> **Initial Determination**
>
> After MetLife receives your claim for Benefits, MetLife will review your claim and notify you of its decision to approve or deny your claim.
> . . . .
> If MetLife denies your claim in whole or in part, the notification of the claims decision will state the reason why your claim was denied and reference the specific Plan provision(s) on which the denial is based. If the claim is denied because MetLife did not receive sufficient information, the claims decision will describe the additional information needed and explain why such information is needed.
> . . . .
>
> **Appealing the Initial Determination**
>
> In the event a claim has been denied in whole or in part, you or, if applicable, your beneficiary can request a review of your claim by MetLife.
> . . . .
> MetLife will re-evaluate all the information, will conduct a full and fair review of the claim, and you or, if applicable, your beneficiary will be notified of the decision.
> . . . .
> If MetLife denies the claim on appeal, MetLife will send you a final written decision . . . .

[Record No. 14-3, pp. 20-21 (ML0280-81)] It is apparent that MetLife has authority to grant or deny claims under the Plan.[1] Consequently, it qualifies as a fiduciary under ERISA. *See Libbey-Owens-Ford Co.*, 982 F.2d at 1035; *see also* 29 U.S.C. § 1002(21)(A)(iii).

MetLife's role in the claims-decision process is itself enough to warrant review under the arbitrary-and-capricious standard. As is clear from the documents quoted above, MetLife is the entity that examines a claimant's proof and determines whether such proof is satisfactory — "a subjective judgment that requires . . . [the] exercise [of] discretion." *Yeager*, 88 F.3d at 381. [*See* Record No. 14-3, pp. 20-21 (ML 0280-81)] In any event, the ERISA Information document also provides that "[i]n carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan." [Record No. 14-3, p. 23 (ML 0283)] Since MetLife is a fiduciary with respect to the Plan, this provision operates as an express grant of discretion to MetLife.

In summary, the Court finds that MetLife is a Plan fiduciary with discretionary authority to determine eligibility for benefits. Therefore, its decision to deny McEndree's claim will be reviewed under the arbitrary-and-capricious standard.

---

1   Moreover, MetLife has authority to decide not only initial claims, but also appeals. Its decision to deny a claim is not subject to reversal by the employer or any other entity. [Record No. 14-3, pp. 20-21 (ML 0280-81)] *Cf. Briscoe v. Fine*, 444 F.3d 478, 489 (6th Cir. 2006) (discussing significance of control over entire claims-decision process for purposes of ERISA fiduciary status determination). As noted in MetLife's brief, "MetLife is the *only* entity which determines whether a participant or beneficiary is entitled to benefits under the Plan." [Record No. 14, p. 4]

This 15th day of February, 2011.

